WILSON v. The JAMES ROY. See Case No. 7,201.

## Case No. 17,811.

### WILSON v. JANES et al.

[3 Blatchf. 227; Merw. Pat. Inv. 236.][1]

Circuit Court, S. D. New York. Nov. 24, 1854.

PATENTABLE INVENTION — NOVELTY — COOKING STOVE OVENS—ACTION FOR INFRINGEMENT —SETTING ASIDE VERDICT.

1. Where a patented improvement in a cooking stove consisted in "the placing the fire-chamber in the middle of the oven, so that the latter may receive the heat of three sides thereof at once," the oven being a single chamber extending around three sides of the fire-chamber, as distinguished from stoves with three compartments around the fire-chamber, one on each side and one behind, divided by partitions behind the fire-chamber, quere, whether the change was a patentable discovery.

2. The verdict of the jury, given for the plaintiff, on the trial of an action for the infringement of a patent, being against the evidence, both as to the novelty of the invention and as to the question of infringement, it was set aside by the court.

This was an action on the case for the infringement of letters patent granted to the plaintiff [Carrington Wilson] October 10th, 1834, and extended for seven years, for an improvement in cooking stoves. It was tried in October term, 1851, before NELSON, Circuit Justice, and a jury, and a verdict was found for the plaintiff. The defence was, that the plaintiff was not the original and first inventor of the thing patented, and that the discovery was well known and in public use prior to his application for his patent. A motion was now made by the defendants [Adrian Janes and others] for a new trial, on a case made, on the ground that the verdict was against the evidence. Objection was also made to the patentability of the alleged invention.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission. Merw. Pat. Inv. 236, contains only a partial report.]

Carrington Wilson, in person.
Charles O'Conor, for defendants.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The decision of this case will be placed upon the ground that the verdict was against evidence. It was, in our view, without competent evidence to support it, even if no proofs had been produced on the part of the defendants.

The patent was for an improvement in cooking stoves. The court, in its instructions to the jury, construed the patent to claim the invention of placing the fire-chamber in the middle of the oven, so that the latter might receive the heat on three sides at once. The substance of the claim is, that the patentee makes the heat of three sides of the fire-chamber available for cooking. He has one oven, with three doors, extending all along the sides and back of the fire-chamber. The summary in his specification on this head is, "the placing the fire-chamber in the middle of the oven, so that the latter may receive the heat of three sides thereof at once." All the testimony given by the plaintiff on the trial was directed to this particular of his claim. He proved, by two witnesses, that a stove with an oven on three sides of the fire-chamber was useful; and, by one witness, that, prior to seeing the plaintiff's stove, he had seen ovens having the articles to be baked located on one side of the fire-chamber, and others in which the articles were placed on opposite sides of the fire-chamber, the whole being three rectangular compartments of equal length, the fire occupying the middle compartment, and that he had not, before seeing the plaintiff's stove, known of one which had the front side of the fire-chamber on a line with the front side of the oven, and the oven connected behind the fire-chamber.

The plaintiff does not, by his specification, nor did he by testimony on the trial, show any peculiarity of construction in his oven or fire-chamber, or point out any shape or size of the parts, or method of arrangement, that is original with him, other than leaving the space behind the fire-chamber open, as a part of the entire oven—that is, instead of forming three ovens or compartments around the fire-chamber, he removes the partitions behind the fire-chamber, and makes a single cooking space, instead of the three spaces into which that part of the stove in common use is divided. We are not convinced, if this be an original idea with the plaintiff, that the change is a patentable discovery. Ordinarily, a patent is prima facie evidence that the discovery claimed is new and useful; and any person who undertakes to use any thing similar to it, and producing like effects, must disprove the title of the patentee to his grant. But we suppose that a patent for a discovery which is manifestly frivolous cannot be sustained, and that it is competent for the court to declare a patent to be inoperative for such cause, when that is apparent upon the face of the specification. As, if the plaintiff had taken out a patent for the discovery of making a fire in a grate, or for placing a blower or cover before it, to quicken its kindling, or for exposing to the side of a heated fire-chamber, objects intended to be affected by the heat, a court could hardly be required to adjudge itself to be so judicially blind to the state of the arts and the usages of life, as to be unable to discover, except through the teaching of witnesses, that the things patented were in common use, and therefore could not be monopolized by a patent.

We do not, however, feel it necessary to dispose of this case on that view. The evidence given by both parties on the point of novelty is before us, and we think it is clearly shown, that the use of the fire-chamber for heating circumjacent ovens, was a thing long and familiarly known in the arts when the patent was issued. One witness testifies to a plan of cooking range that was made public in 1796; and it appears that a similar contrivance was described, with drawings annexed, in Webster's Encyclopædia of Domestic Economy. That range was constructed with a fire-chamber inside of the shell or general exterior of the stove, and compartments were heated from each side of the fire-place, one for baking, and one containing water to be heated, these being contiguous to the sides of the fire-place; while, behind the fire-chamber, was a third compartment, with an open space heated in the same manner, and the hot air in which came in contact with the boiler. Other witnesses proved the construction and use of similar cooking ranges, the fire-chamber in which was placed inside of the body of the oven, and heated, from its three sides, other compartments fitted up for baking, boiling, etc., the materials used for the oven being tin or sheet iron. A patent granted to Eliphalet Nott, January 9th, 1834, describes an oven constructed in a manner substantially the same with that claimed by the plaintiff; so, also, does a patent issued March 29th, 1834, to Stephen J. Gold. No testimony was produced by the plaintiff countervailing these proofs.

The defendants further gave evidence, that the ranges built by them did not contain the single oven surrounding the three sides of the fire-chamber, in the manner claimed by the plaintiff to be his invention, but consisted of two ovens or compartments, one placed on each side of the fire-chamber, and of a third one behind it, in which was contained a metal pipe, used for heating water to be distributed over the house. The defendants' ranges, with the two ovens of that construction, were built and in public use, in New York, several years anterior to the grant of the patent to the plaintiff. No evidence was given by the plaintiff rebutting that proof, or showing that the defendants used the three sides of their fire-chamber for heating a single oven in the manner claimed by the plaintiff.

Without placing the decision of the case upon the construction of the patent, we think it is clearly shown that the verdict of the jury, both as to the novelty of the plaintiff's invention and as to its infringement by the defendants, is de-

cidedly against the evidence given in the cause. The verdict must, therefore, be set aside, and a new trial be granted, the costs to abide the event of the suit.